UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

TRACY FENDELL-HACKMANN,

               Plaintiff,

     v.

CAROLYN W. COLVIN,

               Defendant.

NO:  14-CV-3020-FVS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 15 and 20. This matter was submitted for consideration without oral argument. Plaintiff was represented by D. James Tree. Defendant was represented by Catherine Escobar. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

Plaintiff Tracy Fendell-Hackmann filed for disability insurance benefits on June 4, 2010, alleging an onset date of May 5, 2005. Tr. 143-149. Benefits were denied initially (Tr. 83-85) and upon reconsideration (Tr. 87-88). Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a video hearing was held before ALJ Laura Valente on October 9, 2012. Tr. 31-80. Plaintiff was represented by counsel and testified at the hearing. *Id*. Medical expert Dr. Don Clark also testified. Tr. 43-52. The ALJ denied benefits (Tr. 16-30) and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 43 years old at the time of the hearing. *See* Tr. 272. She completed twelfth grade. Tr. 161. Plaintiff worked for a warehouse company for 16 years "running crew and doing paperwork," and eventually worked her way up to a lead worker position. Tr. 63, 66, 161. Plaintiff alleges disability based on anxiety, depression, obsessive compulsive disorder ("OCD"), and neck and back injury. *See* Tr. 83, 87. Plaintiff testified that she was the victim of ongoing domestic violence during the adjudicatory time period but was too afraid to report the abuse to her

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

medical providers. Tr. 54-56. She testified that she experiences headaches, neck

pain, and back pain as a result of the abuse. Tr. 59, 69. Plaintiff testified that in

2006 she was unable to shop for groceries or lift "heavy stuff," and she was unable

to lift her two year old son. Tr. 61-62. She was able to feed and clothe her child

and drive him to medical appointments as needed. Tr. 61. She testified that in 2008

she started having problems with obsessive compulsive disorder ("OCD") which

included constant hand washing, up to seven showers a day, and taking four and a

half hours to do one load of laundry because if it touched the sides of the washing

machine she had to start over. Tr. 72-75. She testified that these OCD symptoms

are better since her husband moved out. Tr. 75.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

limited: the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1153,

1158–59 (9th Cir.2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means

relevant evidence that "a reasonable mind might accept as adequate to support a

conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently,

substantial evidence equates to "more than a mere scintilla[,] but less than a

preponderance." *Id.* (quotation and citation omitted). In determining whether this

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 3

standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir.2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4) (i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

1  preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§

2  404.1520(a)(4)(iii); 416.920(a) (4)(iii). If the impairment is as severe or more

3  severe than one of the enumerated impairments, the Commissioner must find the

4  claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416 .920(d).

5      If the severity of the claimant's impairment does meet or exceed the severity

6  of the enumerated impairments, the Commissioner must pause to assess the

7  claimant's "residual functional capacity." Residual functional capacity ("RFC"),

8  defined generally as the claimant's ability to perform physical and mental work

9  activities on a sustained basis despite his or her limitations (20 C.F.R. §§

10 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

11 analysis.

12     At step four, the Commissioner considers whether, in view of the claimant's

13 RFC, the claimant is capable of performing work that he or she has performed in

14 the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

15 If the claimant is capable of performing past relevant work, the Commissioner

16 must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(f); 416.920(f).

17 If the claimant is incapable of performing such work, the analysis proceeds to step

18 five.

19     At step five, the Commissioner considers whether, in view of the claimant's

20 RFC, the claimant is capable of performing other work in the national economy. 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 6

C.F.R. §§ 404.1520(a)(4)(v); 416.920(a) (4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § § 404.1520(g)(1); 416.920(g) (1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir.2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § § 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 389 (9th Cir.2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of May 5, 2005 through her date last insured of December 31, 2008. Tr. 21. At step two, the ALJ found that through the date last insured, Plaintiff has not established a severe impairment. Tr. 21. The ALJ concluded that Plaintiff was not under a disability, as defined in the

Social Security Act, from May 5, 2005, the alleged onset date, through December 31, 2008, the date last insured. Tr. 27.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff asserts: (1) the ALJ committed reversible error by making erroneous negative credibility findings; and (2) the ALJ conducted an erroneous step two finding. ECF No. 15 at 12-18. Defendant argues: (1) the ALJ reasonably assessed Plaintiff's testimony; and (2) the ALJ's assessment at step two of the sequential evaluation process was supported by substantial evidence and free of harmful legal error. ECF No. 20 at 4-16.

## DISCUSSION

**A. Credibility**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. A claimant's statements about his or her symptoms alone will not suffice. *Id*. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991) (en banc). As long as the impairment

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    "could reasonably be expected to produce [the] symptoms," the claimant may offer

2    a subjective evaluation as to the severity of the impairment. *Id.* This rule

3    recognizes that the severity of a claimant's symptoms "cannot be objectively

4    verified or measured." *Id.* at 347 (quotation and citation omitted).

5        If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ

6    must make a credibility determination with findings sufficiently specific to permit

7    [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's

8    testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). In making this

9    determination, the ALJ may consider, *inter alia:* (1) the claimant's reputation for

10   truthfulness; (2) inconsistencies in the claimant's testimony or between his

11   testimony and his conduct; (3) the claimant's daily living activities; (4) the

12   claimant's work record; and (5) testimony from physicians or third parties

13   concerning the nature, severity, and effect of the claimant's condition. *Id.*  Absent

14   any evidence of malingering, the ALJ's reasons for discrediting the claimant's

15   testimony must be "specific, clear and convincing." *Chaudhry v. Astrue,* 688 F.3d

16   661, 672 (9th Cir.2012) (quotation and citation omitted). [1]

---

[1] Defendant argues that this court should apply a more deferential "substantial

17   evidence" standard of review to the ALJ's credibility findings. ECF No. 20 at 12-

18   13. The court declines to do apply this lesser standard. As noted by Plaintiff, the

19   Ninth Circuit recently reaffirmed in *Garrison v. Colvin* that "the ALJ can reject the

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 9

In this case, the ALJ found Plaintiff's "testimony is not consistent with the medical records, undermining her credibility." Tr. 23. In a single page of her opening brief, Plaintiff cursorily argues that the ALJ erred by finding Plaintiff not credible "because despite her testimony at the hearing of ongoing abuse prior to the DLI, the claimant did not report the abuse to her providers." ECF No. 15 at 17. Presumably, Plaintiff is referring to the ALJ's reliance on one of only a few medical records prior to Plaintiff's date last insured, during which Plaintiff was seen for abdominal pain and depression. Tr. 210. As noted by the ALJ "[w]hile the claimant testified to routine physical abuse which caused pain in her back and neck as well as causing headaches during that time, the claimant did not report back pain, neck pain, or headaches in 2006 to Family Medicine." Tr. 23. Further, the ALJ noted that at this visit the medical provider did not observe physical signs of abuse, such as bruising, and diagnosed possible constipation or irritable bowel syndrome related to the reports of abdominal pain. Tr. 23. Thus, the ALJ found that "claimant's reports of constant neck pain, back pain, headaches, or being

claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so;" and further noted that "[t]he governments suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected." ECF No. 21 at 3-5 (citing *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

unable to lift even a gallon of milk or her son are not credible where she did not report these symptoms to Dr. Ryder." Tr. 23.

As an initial matter, Plaintiff's contention "that the Commissioner is arguing [] that when a battered woman keeps quiet she is not credible," is hyperbolic and unnecessarily inflammatory. *See* ECF No. 21 at 3. Defendant properly relies on well-settled case law and guidance from social security regulations that "[o]ne strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."  ECF No. 20 at 14 (citing SSR 96-7, *available at* 1996 WL 374186 at *5; *see also Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (in making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation). Here, the ALJ properly reasoned that Plaintiff's testimony that she suffered from back pain, neck pain, and headaches, as a result of ongoing physical abuse, was not consistent with reports to Dr. Ryder in 2006 that she suffered only from abdominal pain and depression.[2] Tr. 23.

---

[2] As noted by Plaintiff, the ALJ also found that Plaintiff's testimony "attempting to relate abuse and severe physical impairments back to this medical visit … is consistent with an attempt for secondary gain." Tr. 23. This was error. While an ALJ may consider motivation and the issue of secondary gain in evaluating credibility; the ALJ in this case cites no evidence in the record to support the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

Notably, while not identified by Plaintiff, the ALJ relied on additional inconsistencies between Plaintiff's testimony and her reports to medical providers in the record, even after she reported the abuse. First, in July 2008, Plaintiff reported to Dr. Ryan M. Crafts that she had been abused in the past and was recently hit in the head with a book by her husband; and Dr. Crafts observed bruising on her forearm consistent with possible abuse. Tr. 208. However, objective tests from this visit indicated full range of motion in her cervical spine, no tenderness over the spine, no upper extremity weakness. Tr. 208. The ALJ reasoned that these observations were not "consistent with the claimant's testimony that she was unable to lift even a gallon of milk or pick up her son." Tr. 24. Second, the ALJ found that Plaintiff's testimony regarding OCD was not consistent with the evidence in the medical record. Tr. 24-25. As noted by the ALJ, Plaintiff testified that she had OCD that became worse over time due to her husband's abuse, that she would take seven showers a day and constantly wash her

speculative conclusion that Plaintiff was motivated by secondary gain. *See Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). However, this error is harmless because, as discussed in this section, the ALJ's remaining reasoning and ultimate credibility finding is adequately supported by substantial evidence. *See Carmickle*, 533 F.3d at 1162-63.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

hands, and it took her 4 ½ hours to do one load of laundry because she would have to start over if clothes touched the washer. Tr. 24, 72-75. She also testified that these symptoms got better after her husband left. Tr. 75. However, in August 2009, she reported to physician's assistant Shannon L. Neer that *after* she separated from her husband she was "getting a germ phobia," and she described the phobia as "new" and "sudden." Tr. 25 (citing Tr. 205). The ALJ also correctly notes that the only other medical records during the adjudicatory time period do not include any report of OCD or germ phobia. Tr. 25.

For all of these reasons, the ALJ's finding that Plaintiff was not credible due to inconsistencies between her testimony and the medical record, was clear and convincing, and supported by substantial evidence.  Moreover, while not considered by Plaintiff in her briefing, the ALJ provided additional reasons for the negative credibility finding. First, the ALJ found that Plaintiff's "activities are also inconsistent with the extreme pain and limitations that she has alleged." Tr. 25. Evidence about daily activities is properly considered in making a credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). It is well-settled that a claimant need not be utterly incapacitated in order to be eligible for benefits. *Id.*; *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) ("the mere fact that a plaintiff has carried on certain activities…does not in any way detract from her credibility as to her overall disability."). However, even where activities "suggest

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

some difficulty functioning, they may be grounds for discrediting the [Plaintiff's]
testimony to the extent that they contradict claims of a totally debilitating
impairment." *Molina*, 674 F.3d at 1113; *see also Orn*, 495 F.3d at 639 (daily
activities are a valid reason to discount credibility if they contradict claimant's
other testimony).

Here, Plaintiff testified that in 2006 she was unable to even pick up her
young son. Tr. 62. However, as cited by the ALJ, records during this same time
period show her husband was often gone for work, and she was the sole provider
of care for her two young children which would presumably include "getting in
and out of car seats, preparing meals, or performing other necessary tasks." Tr. 25,
53, 60-62, 210. Plaintiff confirmed at the hearing that she did not have any
assistance from family or friends. Tr. 63. Thus, the ALJ properly reasoned that
Plaintiff's "ability to care for her children, largely independently, is … inconsistent
with her allegations of extreme limitations such as being unable to even lift her
own son." Tr. 25; *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)
(reasoning that Plaintiff's ability to care for young children while husband was
often gone undermined her claims of totally disabling pain). Plaintiff does not
identify or challenge this reasoning. *See Carmickle v. Comm'r of Soc. Sec. Admin*.,
533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to address issue not
raised with specificity in Plaintiff's briefing). Moreover, even if evidence of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 14

Plaintiff's daily activities may be interpreted more favorably to her, this evidence

is susceptible to more than one rational interpretation, and therefore the ALJ's

conclusion must be upheld.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.

2005); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("[t]he

ALJ is responsible for determining credibility").

Finally, the ALJ found that Plaintiff's "lack of pursuing treatment on a

sliding fee scale while her husband was often gone is inconsistent with the

claimant's allegations of debilitating physical pain or limitations." Tr. 23.

Unexplained, or inadequately explained, failure to seek treatment or follow a

prescribed course of treatment may be the basis for an adverse credibility finding

unless there is a showing of a good reason for the failure.  *Orn v. Astrue*, 495 F.3d

625, 638 (9th Cir. 2007).  However, an ALJ "must not draw any inferences about

an individual's symptoms and their functional effects from a failure to seek or

pursue regular medical treatment without first considering any explanations that

the individual may provide, or other information in the case record, that may

explain infrequent or irregular medical visits or failure to seek medical treatment."

Social Security Ruling ("SSR") 96-7p at *7 (July 2, 1996), *available at* 1996 WL

374186. Specifically, disability benefits may not be denied because of a claimant's

inability to afford treatment. *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir.

1995).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 15

1    Here, the ALJ supported this reasoning by citing to the 2006 visit with Dr.

2  Ryder wherein she advised Plaintiff to research medical facilities that might take

3  Plaintiff on a sliding scale fee basis, and offered to have a brief phone visit with

4  Plaintiff "due to her lack of insurance." Tr. 23, 210. Based on this piece of

5  evidence, the ALJ found that Plaintiff was not credible because "despite these

6  options the medical record does not show that the claimant pursued further

7  treatment at that time." Tr. 23. However, Plaintiff testified that she did not have

8  health insurance during the adjudicatory period. Tr. 53. More significantly, upon

9  direct questioning by the ALJ and her attorney regarding her failure to pursue

10  mental health treatment on a sliding scale, Plaintiff explained at the hearing that

11  her husband did not allow her to pursue medical treatment and she was afraid to go

12  to the doctor due to ongoing abuse by her husband. Tr. 57, 68. Despite this

13  testimony, the ALJ perfunctorily found that "given the lack of credibility of the

14  claimant discussed throughout this decision, her explanation for not getting

15  treatment is not accepted." Tr. 23. The court finds this circular reasoning is not

16  specific, clear and convincing.  The ALJ erred by failing to consider Plaintiff's

17  explanation that she did not pursue reduced fee mental health services because of

18  ongoing abuse and controlling behavior by her husband. Tr. 57, 68.

19    Further, the ALJ noted that even "after the claimant's divorce and months

20  after the date last insure[d], the claimant was slow to pursue free counseling and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 16

pursued only minimal care from Family Medicine." Tr. 25. However, a review of

the cited records does not support the ALJ's contention that Plaintiff was separated

from her husband at the time of those visits. Tr. 204-207. In contrast, and lending

further support to Plaintiff's explanation that it was her husband's abusive behavior

that prevented her from pursuing treatment, more recent records post-separation

from her husband indicate consistent mental health treatment, and even the ALJ

noted "improvements with medication and counseling." Tr. 25, 240, 247-279. For

all of these reasons, the ALJ's rejection of Plaintiff's credibility based on

unexplained failure to pursue treatment was error. However, this error is harmless

because, as discussed above, the ALJ's remaining reasoning and ultimate

credibility finding is adequately supported by substantial evidence. *See Carmickle*,

533 F.3d at 1162-63.

Having thoroughly reviewed the record, the court concludes that the ALJ

supported his adverse credibility finding with specific, clear and convincing

reasons supported by substantial evidence.

**B. Step Two**

At step two of the sequential process, the ALJ must determine whether

Plaintiff suffers from a severe impairment. 20 C.F.R. § 416.920(a). To be

considered 'severe,' an impairment must significantly limit an individual's ability

to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Smolen v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 17

1    *Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment that is 'not severe'

2    must be a slight abnormality (or a combination of slight abnormalities) that has no

3    more than a minimal effect on the ability to do basic work activities. SSR 96-3P,

4    1996 WL 374181 at *1 (July 2, 1996). Basic work activities include "abilities and

5    aptitudes necessary to do most jobs, including, for example, walking, standing,

6    sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R.  §

7    404.1521(b).

8        Plaintiff bears the burden to establish the existence of a severe impairment

9    or combination of impairments, which prevent her from performing substantial

10   gainful activity, and that the impairment or combination of impairments lasted for

11   at least twelve continuous months. 20 C.F.R. §§ 404.1505, 404.1512(a); *Edlund v.*

12   *Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011). However, step two is "a de

13   minimus screening device [used] to dispose of groundless claims." *Smolen*, 80

14   F.3d at 1290. "Thus, applying our normal standard of review to the requirements of

15   step two, we must determine whether the ALJ had substantial evidence to find that

16   the medical evidence clearly established that [Plaintiff] did not have a medically

17   severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d

18   683, 687 (9th Cir. 2005).

19       Here, the ALJ found that "the records do not show that the claimant had a

20   medically determinable impairment that lasted 12 continuous months after her

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 18

1  alleged onset day and prior to her last insured of December 31, 2008." Tr. 23.

2  Plaintiff argues the ALJ "conducted an erroneous step two finding [by]

3  determining none of [Plaintiff's] impairments were severe" for two reasons.  ECF

4  No. 15 at 13-16. First, Plaintiff contends that the ALJ "used an incomplete set of

5  legal standards to determine the meaning of severe impairment." *Id*. In support of

6  this argument, Plaintiff cites the ALJ's statement that SSA regulations "provide

7  that under no circumstances may the existence of impairment be established on the

8  basis of symptoms alone. Thus, regardless of how many symptoms an individual

9  alleges, or how genuine the individual's complaints may appear to be, the

10  existence of a medically determinable physical or mental impairment cannot be

11  established in the absence of objective medical abnormalities; i.e., medical signs

12  and laboratory findings (SSR 96-4p)." ECF No. 15 at13 (citing Tr. 21). Plaintiff

13  then generally argues that the ALJ's "treatment of the law and consideration of the

14  facts of the case in this regard was incomplete and thus constitutes harmful

15  reversible error." *Id*. at 13-14. The court may decline to address this argument as it

16  is not raised with specificity in Plaintiff's briefing. *Carmickle v. Comm'r of Soc.*

17  *Sec. Admin*., 533 F.3d at 1161 n.2. Moreover, the court finds no error in the ALJ's

18  direct quotation from SSR 96-4p explaining the controlling law in the step two

19  analysis, as is well-settled in the Ninth Circuit. *See* SSR 96-4p, 1996 WL 374187

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 19

at *1-2 (July 2, 1996); *see e.g., Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (relying on the same portion of SSR-96-4p).

Plaintiff additionally argues that, pursuant to SSR 83-20, the ALJ "should" have called a medical expert at the hearing to infer an onset date prior to the last date insured in "situations" like Plaintiff's, where "impairments caused significant and severe impairments to her functioning prior to her date last insured and prior to the majority of medical treatment received." ECF No. 15 at 14-15. The court agrees with Defendant that Plaintiff's reliance on SSR 83-20 is unavailing. ECF No. 20 at 8. SSR 83-20 directs an ALJ to obtain expert testimony in order to infer a definite onset date when it cannot be determined from medical evidence in the record. *See* SSR 83-20 (1983), *available at* 1983 WL 31249 at *3. However, Plaintiff's briefing does not cite legal authority on this issue with specificity; nor does she identify any ambiguity in the record or elaborate as to why the onset date should be inferred in this case, aside from a general reference to Plaintiff's "circumstances" as "a victim of severe domestic violence" necessitating expert testimony to infer an onset date. *Carmickle*, 533 F.3d at 1161 n.2 (court is not required to address an argument not raised with specificity in Plaintiff's briefing). Even assuming, arguendo, that Plaintiff's argument was sufficient, the court's independent review of the record indicates that the ALJ did instruct the medical expert to review the entire record prior to the date last insured of December 31,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20

1    2008, which included only four visits to medical providers between 2000-2003

2    relating to pregnancy and childbirth. Tr. 44, 201-203. The medical expert did not

3    identify any medically determinable limitations in these records that would

4    necessitate the inference of an onset date earlier than the May 5, 2005 date alleged

5    in Plaintiff's application for disability benefits. *Id*. Moreover, as noted by the

6    Defendant, because the ALJ found Plaintiff was not disabled prior to the last date

7    insured, the court has no cause to find error pursuant to SSR 83-20. *See Sam v.*

8    *Astrue*, 550 F.3d 808 (9th Cir. 2008) ("We hold that SSR 83-20 does not require a

9    medical expert where the ALJ explicitly finds that the claimant has never been

10   disabled").

11          Second, Plaintiff argues that the ALJ's step two determination was based on

12   "an incomplete evaluation of medical evidence." ECF No. 15 at 15-16. The court

13   disagrees. As an initial matter, as noted by Defendant, the record contains no

14   diagnoses, much less medical signs or laboratory findings, of Plaintiff's claimed

15   physical impairments of back and neck pain. ECF No. 20 at 6-7; *see also Ukolov*,

16   420 F.3d at 1005. Further, the ALJ supports her step two finding by reviewing the

17   *two* pertinent medical records [3] between Plaintiff's alleged onset date and her date

18   [3] Only evidence from "acceptable medical sources" may be used to establish the

19   existence of a medically determinable impairment. SSR 06-03p, *available at* 2006

20   WL 2329939 at *2; 20 C.F.R. § 404.1513(a). Thus, Plaintiff's visits to a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 21

last insured of December 31, 2008, and finding they did not show Plaintiff had a medically determinable impairment that lasted 12 continuous months. Tr. 23. In March 2006, Plaintiff sought medical treatment for abdominal pain and nausea. Tr. 210. Dr. Ryder found her abdomen was "normal" on examination and "suspected" constipation or irritable bowel syndrome. Tr. 210. Dr. Ryder also diagnosed Plaintiff with "major depression," but she administered no psychological testing and thus presumably based the diagnosis on Plaintiff's account of her symptoms. Tr. 26, 210. As noted by the ALJ, a medically determinable impairment of "major depression" cannot be established on the basis of symptoms alone. Tr. 21 (citing SSR 96-4p, *available at* 1996 WL 374187 at *2). Moreover, there is no evidence that this diagnosis of depression was expected to persist for 12 months or more, as required to establish a severe impairment at step two. Tr. 21, 26. The only other medical evidence prior to Plaintiff's date last insured was on July 3, 2008. Plaintiff reported being hit in the head by a book by her husband, and the medical provider found evidence of bruising on her forearm consistent with abuse. Tr. 208. However, objective testing revealed full range of motion in Plaintiff's spine, no

chiropractor for treatment of headaches and back pain during the adjudicatory period are not relevant for the purpose of establishing a medically determinable impairment at step two. *See* 20 C.F.R. § 404.1513(d) (chiropractors are not considered "acceptable medical sources").

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 22

tenderness, and no upper extremity weakness. Tr. 208. At this visit, the doctor did observe that Plaintiff appeared "quite anxious" but did not make diagnosis of anxiety disorder or include any advice in the "assessment/plan" section of the report. Tr. 208. As above, this evidence does not include the medical signs or laboratory findings necessary to establish a medically determinable impairment of anxiety. *See Ukolov*, 420 F.3d at 1005.

As noted by Defendant, Plaintiff also fails to address medical opinion evidence in the record that supports the ALJ's finding at step two. ECF No. 20 at 9. In August 2010 agency evaluator Kathleen Foltz found insufficient evidence to establish a physical medically determinable ailment prior to Plaintiff's date last insured; and in July 2011 Dr. Alnoor Virji affirmed that opinion. Tr. 219, 235. Similarly, in August 2010 state agency psychological consultant Dr. Beth Fitterer opined that there was insufficient evidence to make a finding of a medically determinable psychological impairment prior to Plaintiff's last date insured; and in July 2011 Dr. Christmas Covell affirmed that finding. Tr. 232, 234. The ALJ gave significant weight to these doctor's medical opinions and Plaintiff does not challenge that finding, nor does Plaintiff offer conflicting medical opinion evidence as to Plaintiff's alleged impairments prior to her last date insured. Tr. 25-26. Plaintiff does contend that despite granting medical expert Dr. Don Clark's testimony significant weight, "the ALJ neglected to give any degree of review to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 23

1    Dr. Clark's testimony that [Plaintiff] certainly had depression prior to the date last

2    insured but the diagnosis changed to PTSD later when the providers found out

3    about all the abuse." ECF No. 15 at 16.  Defendant responds that Plaintiff's

4    argument misstates the substance of Dr. Clark's testimony, and argues that Dr.

5    Clark's statement that Plaintiff "certainly had depression" is only in reference to

6    medical records from 2010. ECF No. 20 at 9-10. The court finds that the testimony

7    is somewhat unclear to as to the precise period of time Dr. Clark was referring to

8    when he stated Plaintiff "certainly had depression." However, despite Plaintiff's

9    argument otherwise, Dr. Clark at no point definitively opines that Plaintiff

10    "certainly had depression" *during the adjudicatory time period*. In contrast, Dr.

11    Clark opined that "according to objective measurement" Plaintiff had no medically

12    determinable ailment prior to the date last insured. Tr. 48. Thus, the court finds no

13    error in the ALJ's evaluation of Dr. Clark's testimony and the medical evidence of

14    record.

15        For all of these reasons, substantial evidence supports the ALJ's conclusion

16    that "[d]espite the claimant's allegations to the contrary, the totality of the record

17    does not establish medical signs or laboratory findings to substantiate the existence

18    of a medically determinable impairment through the date last insured." Tr. 27.

19    Thus, the ALJ did not err in finding that Plaintiff did not establish a severe

20    impairment at step two. Tr. 21.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 24

# CONCLUSION

After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 20, is

   **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** this 27th day of  March, 2015.

_____*s /Fred Van Sickle*_____
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 25